[No. 18434.   Department Two.—April 7, 1896.]

# ROBERT SMILIE, APPELLANT, *v.* FRESNO COUNTY, RESPONDENT.

112  311'
e148 182
j148 184

COUNTIES—CONTRACT PAYABLE IN INSTALLMENTS—LIABILITY IN EXCESS OF
REVENUE—CONSTITUTIONAL LAW.—A contract by a county for work to
be done in the future, to be paid for in installments as the work pro-
gresses, where the installments payable in any one year do not exceed
the revenue of that year, does not, at the time of entering into the con-
tract, create any debt or liability for the aggregate amount of the in-
stallments to be paid under it, but only creates such debt or liability as
may arise from year to year in separate amounts as the work is per-
formed; and such contract is valid, and not within the prohibition of
section 18 of article XI of the constitution, and of sections 8 and 36 of
the County Government Act of 1891, by which a county is forbidden
to "incur any indebtedness or liability in any manner, or for any pur-
pose, exceeding in any year the income and revenue provided for it
for such year."

APPEAL from a judgment of the Superior Court of
Fresno County.   J. R. WEBB, Judge.

The facts are stated in the opinion.

*Frank H. Short,* and *Chickering, Thomas & Gregory,*
for Appellant.

The contract does not violate the constitution, nor
the County Government Act, no debt being created in
regard to amounts contingent upon future services until
the services are rendered. (*People* v. *Arguello,* 37 Cal.
524; *Wentworth* v. *Whittemore,* 1 Mass. 471; *Weston* v.
*Syracuse,* 17 N. Y. 110; *Crowder* v. *Sullivan,* 128 Ind. 486;
*New Orleans Gas Light Co.* v. *New Orleans,* 42 La. Ann. 188;
*Merrill Ry. etc. Co.* v. *Merrill,* 80 Wis. 358; *Smith* v. *Ded-
ham,* 144 Mass. 177; *Lamar etc. Co.* v. *Lamar,* 128 Mo. 188;
*Valparaiso* v. *Gardner,* 97 Ind. 1; 49 Am. Rep. 416; *Lott*
v. *Mayor etc. of Waycross,* 84 Ga. 681; *Capital City Water
Co.* v. *Montgomery,* 92 Ala. 366.)

*Firman Church, W. D. Tupper,* and *C. C. Merriam,* for
Respondent.

BRITT, C.—Certain persons, to whose rights plaintiff has succeeded by assignment, entered into a contract with the county of Fresno, whereby they agreed to build additions to the county courthouse, and to complete the same within the space of fifteen months from the date of the contract, which was December 14, 1891; the county, on its part, agreed to pay them therefor the sum of ninety-nine thousand three hundred and eighty-seven dollars "in gold coin or county warrants," seventy-five per cent thereof in monthly installments, according to the stage of advancement of the work, and the remainder within thirty-five days after completion of the structure. The building was not finished until November 8, 1893, but this delay was within certain saving clauses of the contract, and was assented to by defendant, and on the day last mentioned the county accepted the work as fully completed in accordance with the contract. A balance of six thousand seven hundred and eight dollars and sixty-two cents remains unpaid on the said contract price, and to recover such balance is the object of this action. Plaintiff's complaint averred the facts above stated, and also set forth, among other matters, the following: "That the said defendant, by the execution of said contract, did not incur any indebtedness or liability exceeding in any year of the performance of the same the income and revenue provided for it for such year; that the income and revenue of said defendant provided for the year 1892 was sufficient to meet all payments under such contract as fell due in 1892 under the terms thereof, and all other obligations of said defendant falling due in 1892, and that the income and revenue of said defendant provided for the year 1893 was sufficient to meet all payments under said contract as fell due in 1893 under the terms thereof, and all other obligations of said defendant falling due in 1893." A demurrer to this complaint for want of facts sufficient to constitute a cause of action was sustained by the court, and, plaintiff declining to amend, judgment passed for defendant.

No brief has been filed for respondent, and we are not informed of the particulars in which the complaint was held obnoxious to the demurrer; from the argument for appellant, however, we infer that the court considered the total indebtedness incurred on the part of the county by the execution of the contract to be in excess of the revenue and income of the county for each of the years 1892 and 1893, singly, and hence was void in virtue of the prohibition contained in section 18, article XI, of the constitution, and the similar provisions of the County Government Act of 1891, sections 5, 36, by which a county is forbidden to "incur any indebtedness or liability, in any manner or for any purpose, exceeding in any year the income and revenue provided for it for such year," etc.   Whatever doubt may have formerly existed in this state regarding the effect of that clause of the constitution on such contracts has been removed by the late decision of this court in *McBean* v. *Fresno, ante,* p. 159, where the court, per Mr. Justice Henshaw, having in view its previous decisions and the course of adjudication elsewhere, declared the law to be "that at the time of entering into the contract no debt or liability is created for the aggregate amount of the installments to be paid under the contract, but that the sole debt or liability created is that which arises from year to year, in separate amounts, as the work is performed."   In the present case, the plaintiff has alleged that the income and revenue of the county provided for the years 1892 and 1893, respectively, was sufficient to meet the payments falling due under the terms of the contract in those years, and to discharge the other current obligations of the county; it is thus shown that each year's revenue was adequate to pay each year's indebtedness, and the case is brought within the principle of *McBean* v. *Fresno, supra.*

The judgment should be reversed and the court below directed to overrule the demurrer to the complaint.

HAYNES, C., and BELCHER, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the court below is directed to overrule the demurrer to the complaint.

McFARLAND, J., TEMPLE, J., HENSHAW, J.