[Civ. No. 4388. First Appellate District, Division Two.—March 5, 1923.]

RALPH WYCKOFF, Respondent, v. J. G. FORCE, as Superintendent of Schools, et al., Defendants; JAMES TAYLOR, as Treasurer, Appellant.

[1] CONSTITUTIONAL LAW—INCURRING OF INDEBTEDNESS—SUFFICIENCY OF INCOME.—Section 18 of article XI of the constitution merely prohibits the incurring of an indebtedness exceeding in any year the income and revenue provided for such year, but it does not require that the money be on hand at the time the indebtedness is incurred or, in fact, that the income should have been provided at that time, it being sufficient if the indebtedness is within the income which has been provided for or which will, in the ordinary course, be provided for within the year.

[2] SCHOOLS AND SCHOOL DISTRICTS—EMPLOYMENT OF ARCHITECT—PROGRESSIVE PAYMENTS.—Where the contract between the board of trustees of a high school district and an architect employed in connection with the construction of a new high school building calls for the services of the architect until the building is completed, payments for such services to be made from time to time as the work progresses, and no installment coming due in any fiscal year during the life of the contract is in excess of the income and revenue of that year, the contract is not within the inhibitions of section 18 of article XI of the constitution.

[3] ID.—SUFFICIENCY OF FUNDS—EVIDENCE—FINDINGS.—The order in plaintiff's favor having been drawn upon the "High School Fund," the case having been tried upon the theory that the warrant was in proper form and upon the proper fund, and the evidence having shown that a sum greatly in excess of plaintiff's claim re-

mained in the general fund of the high school district at the time of the trial, the trial court was justified in finding that at the submission of the case there was in the fund upon which the order was drawn ample money applicable to the payment thereof with which to pay the same.

[4] ID.—PAYMENT OUT OF SPECIAL FUND — PLEADING — BURDEN OF PROOF—FINDING.—The defendant county treasurer having pleaded, as a separate defense, that the trustees of the high school district agreed to pay for plaintiff's services out of the bond moneys raised for building purposes, but he having offered no evidence to support the allegation, and the only evidence received having shown that no arrangement was made regarding the fund from which the payment was to be made, the trial court was justified in finding against said defendant as to that defense.

[5] ID. — EMPLOYMENT OF ARCHITECT — PAYMENT OUT OF GENERAL FUND.—In the absence of some statutory requirement, the trustees of a high school district may employ an architect in connection with the construction of a new high school building and make his compensation payable from the general fund of the district.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. B. Rosendale for Appellant.

C. F. Lacey for Respondent.

NOURSE, J.—Plaintiff sued in *mandamus* to compel the defendant Force, as county superintendent of schools, to approve, and the defendant Taylor, as county treasurer, to pay, an order for $7,000 drawn by the trustees of the Salinas Union High School District in part payment for the services of plaintiff as architect in the construction of a new high school building. The complaint alleged that on May 11, 1920, the board of trustees entered into an agreement by the terms of which the plaintiff furnished to the school district plans and specifications for a school building and agreed to supervise and superintend the construction thereof until completion, and in consideration thereof the school district promised to pay plaintiff the sum of $20,000, "payable in indefinite installments from time to time as said work progressed, until said work was fully completed." It was also alleged that plaintiff entered upon the per-

formance of the work pursuant to the agreement and that the building has not been completed or accepted by the school district. Allegations followed covering the issuance and presentation of the order, the demand for approval and payment, and the refusal on the part of the defendants.

The essential allegations of the complaint were admitted in the joint answer filed by the two defendants, and a special defense was set up in which it was alleged that prior to September 10, 1919, the school district duly issued bonds in the sum of $250,000 for the construction of said high school building; that said bonds were duly sold and the proceeds thereof were deposited in the county treasury to the credit of the "Salinas Union High School District Building Fund, Bond No. 1"; that thereafter additional bonds for the same purpose in the sum of $150,000 were authorized, issued, and sold, and the proceeds were deposited in the county treasury and credited to the "Salinas Union High School District Building Fund, Bond No. 2"; that while there remained in the building fund proceeds of the sale of the first issue of over $249,000, the trustees entered into a written contract with plaintiff whereby plaintiff was employed to furnish architectural plans and specifications for said school building and to supervise and superintend the construction thereof, and in consideration thereof the school district promised to pay plaintiff six per cent of the contract price of said building, payment therefor to be made at specified times in proportion to the amount of services rendered, and all payments to be made from the moneys derived from the sale of said bonds; that thereafter, on the eleventh day of May, 1920, and after the second issue of bonds had been authorized, a verbal agreement was made modifying said contract by the plaintiff agreeing to accept $20,000 in full payment for his architectural services; that on the first day of July, 1921, when plaintiff's order was drawn, there was but $54.15 in the building fund of the high school district, and that this sum was expended and that there were no moneys in said fund derived from the sale of said bonds.

The trial court found that the essential allegations of the complaint were true and that the allegations of the special defense were true except those relating to the terms of the contract of May 11, 1920. Upon this issue the court

found that the plaintiff agreed to accept $20,000 for his services as an architect and for other work not specified in the written contract, but that it was not true that the parties understood or agreed that said sum should be paid from the bond moneys referred to in the answer.

Upon these findings the trial court gave judgment against the two defendants as prayed. The defendant Force complied with the order of the court, but the defendant Taylor appealed. The appeal is presented upon a bill of exceptions, which contains four specifications of error, as follows: "1. The evidence is insufficient to justify the finding that at the time said order was presented for payment, the amount of said order did not exceed the income and revenue provided for the year in which the indebtedness represented by said order was incurred. 2. That the evidence is insufficient to justify the finding that at the time of the submission of this case, there was and there is yet in the fund upon which said order was drawn ample money applicable to the payment thereof with which to pay the same. 3. That the evidence is insufficient to justify the finding that the averments of paragraph eight of the separate answer and defense are not true in that it was not agreed or understood by the parties that the said $20,000 was to be paid from the bond moneys referred to in the separate answer and defense in said paragraph eight. 4. That the evidence is insufficient to justify the finding that on the eleventh day of May, 1920, there were then outstanding contracts for construction and contracts for construction which were to be executed at the next meeting of the board of trustees of said district, which would require a payment of all the sum of $214,968.34, then remaining on said eleventh day of May, 1920, in the Salinas Union High School District Building Fund."

[1] (1) Section. 18 of article XI of the constitution merely prohibits the incurring of an indebtedness exceeding in any year the income and revenue provided for such year. It does not require that the money be on hand at the time the indebtedness is incurred or, in fact, that the income should have been provided at that time. It is sufficient if the indebtedness is within the income which has been provided or which will, in the ordinary course, be provided within the year. The evidence was that there was over

$20,000 remaining in the high school fund at the time of the trial (March 20, 1922), and that the estimated balance at the close of the fiscal year, after paying all claims, including $5,000 in warrants already drawn, would be about $13,000. There was sufficient evidence, therefore, to sustain the finding that the order did not exceed the income provided for the fiscal year following July 1, 1921, the day upon which it was drawn.

[2] But the date of the order is of little importance. The trial court found, and the evidence supports the finding, that respondent's contract called for his services until the building was completed, payments to be made from time to time as the work progressed. It does not appear that any installment coming due in any year during the life of the contract was in excess of the income and revenue of that year. The contract is not, therefore, within the inhibitions of section 18 of article XI of the constitution. (*Doland* v. *Clark*, 143 Cal. 176, 182 [76 Pac. 958]; *McBean* v. *Fresno*, 112 Cal. 159, 167 [53 Am. St. Rep. 191, 31 L. R. A. 794, 44 Pac. 358]; *Higgins* v. *San Diego*, 131 Cal. 294, 299 [63 Pac. 470]; *Smilie* v. *Fresno County*, 112 Cal. 311, 313 [44 Pac. 556].)

[3] (2) The order was drawn upon the "High School Fund," which, we assume, means the general fund of the high school district. If not drawn upon the proper fund, no issue was made of that fact, and the case was tried upon the theory that the warrant was in proper form. The answer did not raise the issue that the full sum of $20,000 was agreed to be paid out of the bond moneys and it was at no time suggested that the order was not a proper claim against the general fund or that there were not sufficient moneys in that fund to meet payment. The evidence plainly showed that over $21,000 remained in the fund at the time of the trial, and this was sufficient to support the finding.

[4] (3) Though there is no express allegation on the subject, appellant insists that he raised, as a separate defense, the issue that the trustees agreed to pay the $20,000 out of the bond moneys raised for building purposes. As to this the burden of proof was on the appellant. He offered no evidence to support the allegation, and the only evidence received showed that no arrangement was made regarding the fund from which the payment was to be made.

Thus the trial court was justified in finding against the appellant.

(4) The fourth specification relates to a matter which was not a material issue in the case. It is purely argumentative and was offered to show that if there was money in the building fund on the date of the oral contract which was not needed to cover outstanding contracts the parties might have intended to make respondent's compensation payable out of that fund. The evidence was that on May 11, 1920, the trustees had actually contracted for an expenditure of over $296,000, but that other contracts amounting to over $117,000 were in contemplation and were actually executed at the next meeting of the board. This supports the finding of the trial court.

[5] On this appeal, the appellant argues that the main question involved is whether moneys raised by a special tax levy for maintenance of the high school can be used in the payment of respondent's claim. But if this is so, the issue has not been properly raised. It is not covered by any pleading, while the evidence is merely that such a tax was levied, but not that the proceeds were deposited in the fund against which respondent's claim was presented or that sufficient moneys from other sources were not placed in that fund. Our attention has not been directed to any statute which prohibits a high school district from raising by taxation moneys for building purposes when the proceeds of bonds issued for such purposes have been expended, and we have not found any statute which provides that the payment of an architect's fees for building supervision must be made a charge against the building account. In the absence of a statutory requirement there is nothing to prevent the trustees from employing an architect and making his compensation payable from the general fund. We find no error in the record.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.