[Civ. No. 4435. First Appellate District, Division Two.—March 27, 1923.]

LOUIS J. POSZ, Respondent, v. JAMES TAYLOR, as Treasurer, etc., Appellant.

[1] Schools and School Districts — Construction of New Building—Raising Funds.—If a school district has been organized for a considerable period and has constructed and maintained a high school building, the provisions of section 1755 of the Political Code are not available for the purpose of raising moneys to construct a new building.

[2] Id.—Installation of Electrical Fixtures — Payment from Moneys Raised Under Section 1756, Political Code.—After a high school building has been constructed by the school district from moneys raised by bond issues authorized under the provisions

of section 1745 et seq. of the Political Code, if the board of trustees of the district deem it necessary to install electrical fixtures in the building they have the power to do so, and the expenses thereof may be paid from moneys raised under section 1756 of that code.

[3] ID.—PROGRESSIVE WORK—PAYMENT—CONSTITUTIONAL LAW.—Where a contract for the installation of electrical fixtures in a high school building contemplates progressive work, to be paid for in installments as the work is performed, a part of the work being done during the fiscal year in which the contract is made, and being paid for out of the funds of that fiscal year, the remainder of the work may be done during the following fiscal year and paid for out of the funds of that fiscal year, without violating section 18 of article XI of the constitution.

APPEAL from a judgment of the Superior Court of Monterey County. J. A. Bardin, Judge. Affirmed.

The facts are stated in the opinion of the court.

Chas. B. Rosendale for Appellant.

J. H. Andresen for Respondent.

NOURSE, J.—This is a proceeding in *mandamus* commenced in the superior court to require the defendant, as treasurer of the county of Monterey, to pay the claim of plaintiff, amounting to $498.75, based on a contract with the trustees of Salinas Union High School District for the furnishing and installation of certain electrical fixtures in the high school building of said district. The facts are that on the seventh day of January, 1921, the plaintiff contracted with the trustees of the school district to furnish and install certain electrical fixtures in the high school building at the total contract price of $1,876.25. Some time during the month of March, 1921, this contract, with the consent of all parties, was modified. The full contract price was made to be $1,498.75, of which sum $1,000 was to be paid at the time of the modification of the contract and the balance thereof was to be paid upon the completion and acceptance of the work. In accordance with the modified contract the sum of $1,000 was then paid and the major portion of the work was performed during that fiscal year—1920–21. Subsequent to July 1, 1921, the remainder of the work required to be done under the contract was performed

and the work was fully completed and accepted by the trustees on the seventh day of December, 1921. The trial was held on May 12, 1922, and the judgment was rendered on the 23d of the same month. It appeared that at the time of the trial there were sufficient moneys in the school district over and above the other necessary expenditures for other school purposes to meet the plaintiff's demand. The presentation and approval of the demand in due form by the proper officials was admitted, and the only question involved is whether it is legally payable out of the general fund of the school district. The trial court rendered judgment in favor of the plaintiff for the full amount of his demand, and from this judgment defendant has appealed upon the judgment-roll and a bill of exceptions.

Appellant urges as grounds for the reversal of the judgment that payment of the warrant is restricted to the proceeds of the sale of bonds for the erection of the school building, and that the maintenance fund of the school district is not available for the payment of the claim. Also, that payment of the claim out of the funds of the 1921–22 levy is a violation of article XI, section 18, of the constitution.

In support of the first ground appellant argues that the Political Code provides two distinct methods for raising money to construct school buildings and that these methods are exclusive. It is argued that the provisions of section 1745 et seq. provide for the issuance of bonds for that purpose and that section 1755 provides for the levy of a special tax when bonds have not been issued. It is true that these two methods have been provided by the code, but there is nothing in the code provisions covering either plan which makes either an exclusive method. [1] Section 1755 plainly relates only to the time of organization of the school district. It requires the school board to file an estimate of the cost of construction of a school building when bonds have not been issued for that purpose, but such estimate must be made "on or before the first Monday of September next succeeding the formation of said district." Another provision of the section is that "if such high school board shall have secured or leased such temporary quarters, they shall, on or before the first Monday of September next before the termination of such lease or arrangement . . .

make and file with the board . . . an estimate of the cost
. . . of erecting a suitable building.'' It will be noted that
the provisions of this section are mandatory. That is to
say, it is made the duty of the high school board to make
and file such an estimate in the September next succeeding
the formation of the district or next before the termination
of a lease of temporary quarters. No provision is made
in the section for the filing of such an estimate at any
other period of the life of the district. From this it follows
that if a school district has been organized for a consider-
able period and has constructed and maintained a high
school building, the provisions of the section are not available
for the purpose of raising moneys to construct a new build-
ing.

When this situation arises the school trustees have two
courses which they may pursue—to call for the issuance of
bonds to raise sufficient funds for the construction of a
new building, or to proceeed under section 1756 to raise
money by a special tax levy sufficient for that purpose.
This section, it will be noted, provides for the filing of an
estimate of the amount° of money required for maintaining
the high school district for the current school year, includ-
ing "additions to the plant already constructed." Such
estimate is required to be itemized so as to show the amount
necessary, among other things, for "sites, buildings and
furniture" and "other miscellaneous expenses."

[2] In the case before us the contract called for the
furnishing and installation of certain electrical fixtures in
the high school building which had been constructed by the
school district from moneys raised by two separate bond
issues authorized under the provisions of section 1745
et seq. of the Political Code. It is apparent that a high
school building could be used for school purposes without
electrical fixtures. In fact, at the time when the original
section was adopted their use was scarcely known. [2] If,
however, the board of trustees of the high school district
deem it necessary to install electrical fixtures in a high
school building, they have the power to do so, and the ex-
penses thereof may be paid from moneys raised under
section 1756 of the code.

It is very plain that when the legislature in 1915 amended
section 1756 of the Political Code by adding the words

quoted above, it did so for the purpose of meeting a situation such as has arisen in this case. Where the moneys raised under the bond issue or under a special tax levy in accordance with the provisions of section 1755 are insufficient to meet the small items which the trustees deem to be necessary, the amendment to section 1756 authorizes the trustees to include such items in the general estimate made under section 1756. If appellant's contention were correct, a special tax would have to be levied upon all the taxable property in the school district under section 1755 to raise money sufficient to meet respondent's claim, which is less than $500. If such were done the cost of levying and collecting the tax would be greater than the amount collected.

[3] The only other point requiring consideration is that the claim is invalid under article XI, section 18, of the constitution. As appears from the statement of the facts, the contract contemplated progressive work, to be paid for in installments as the work was performed. A part of the work was done during the fiscal year in which the contract was made and was paid for out of the funds of that fiscal year. The balance of the work was performed and accepted during the fiscal year of 1921–22. Respondent's demand covers an amount due for the work that was completed and accepted on December 7, 1921. The indebtedness contemplated by the constitutional section was not incurred until the work was completed and accepted. Respondent's claim, therefore, is based upon a liability incurred during the fiscal year 1921–22 and is a proper charge upon the funds of that fiscal year. (*Wyckoff* v. *Force, ante,* p. 246 [214 Pac. 489], and cases cited.)

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.