[L. A. No. 18145. In Bank. Feb. 13, 1942.]

CITY OF LOS ANGELES, Petitioner, v. MILTON OFFNER, as Secretary of the Board of Public Works, etc., Respondent.

Ray L. Chesebro, City Attorney, and Bourke Jones, Deputy City Attorney, for Petitioner.

Paul E. Schwab as Amicus Curiae on behalf of Petitioner.

Richard C. Waltz for Respondent. ·

GIBSON, C. J.—By this proceeding in mandamus the city of Los Angeles seeks to compel the respondent, as secretary of its board of public works, to post and publish notices inviting sealed bids for the construction and leasing to the city of a rubbish incinerator. The respondent demurred to the petition, contending that the proposed lease will create a municipal indebtedness or liability which will exceed in the year of its execution the income and revenue then available to the city in violation of article XI, section 18, of the state Constitution.

The Board of Public Works of the City of Los Angeles by resolution has adopted specifications for the construction and leasing to the city of a rubbish incinerator, and for the receipt of bids therefor. The agreements to be entered into between the city and the successful bidder are to provide for the leasing by the city to such bidder of certain city-owned property for a period of ten years at a rental of $1 a month, it being contemplated that the contractor will construct the incinerator on the property within nine months thereafter. Simultaneously with the execution of this lease and construction contract, the successful bidder is to execute a lease to the city of the demised premises with the incinerator thereon for a period of nine years and nine months, the city to pay a monthly rental to be specified in the bid. The city is to be given an option to purchase the incinerator at various intervals during the term of the lease with a minimum option price for each interval being specified by the bidder. If the city elects to purchase, the option price shall be the then appraised

value of the incinerator as determined by three independent appraisers, provided only that it shall not be lower than the minimum price specified in the bid. Title to the incinerator is to remain in the successful bidder unless the city elects to purchase. The land lease from the city is to run for a period of three months after the expiration of the incinerator lease and option agreement from the successful bidder to the city, thus affording the bidder time within which to remove the incinerator, a right expressly reserved to him in the event the city elects not to exercise the option to purchase.

It is alleged in the petition ''that the present rubbish incinerator facilities of petitioner City are inadequate and obsolete, and constitute a fire hazard, and that the public health and safety demand the immediate construction of a large, modern rubbish incinerator.''

In refusing to post and publish notices inviting sealed bids for the construction and leasing of such incinerator, the respondent secretary challenges the validity of the proposed agreements on the ground that they would violate the constitutional provision which prohibits a city from incurring an indebtedness or liability in any year in excess of the income and revenue provided for that year without the assent of two-thirds of the qualified electors of the city. In this connection the petition alleges that while the *aggregate* of the rentals that might accrue under the lease, together with other municipal debts and liabilities incurred during the fiscal year when the leases and contract will be entered into, will exceed the income and revenue for that year, the amount of rentals that the city may be required to pay in any single fiscal year, together with its other debts and liabilities, will not exceed the income and revenue provided for such year. ▆ The question for consideration, therefore, is whether the city in entering into the proposed leases and contract will incur an indebtedness or liability for the rentals for the entire term or whether such action will create an indebtedness or liability in that year for such rentals only as will become payable during that fiscal year. Or, as respondent states, whether ''such an arrangement is equivalent in reality to an installment contract for the purchase of said incinerator over a period of nine years and nine months.''

It has been held generally in the numerous cases that have come before this court involving leases and agreements con-

taining options to purchase that if the lease or other agreement is entered into in good faith and creates no immediate indebtedness for the aggregate installments therein provided for but, on the contrary, confines liability to each installment as it falls due and each year's payment is for the consideration actually furnished that year, no violence is done to the constitutional provision. (*McBean* v. *City of Fresno*, 112 Cal. 159 [44 Pac. 358, 53 Am. St. Rep. 191, 31 L. R. A. 794]; *Smilie* v. *City of Fresno*, 112 Cal. 311 [44 Pac. 556]; *Higgins* v. *San Diego Water Co.*, 118 Cal. 524, 553 [45 Pac. 824, 50 Pac. 670]; *Doland* v. *Clark*, 143 Cal. 176, 180, 181 [76 Pac. 958]; *Krenwinkle* v. *City of Los Angeles*, 4 Cal. (2d) 611, 613 [51 Pac. (2d) 1098].) If, however, the instrument creates a full and complete liability upon its execution, or if its designation as a "lease" is a subterfuge and it is actually a conditional sales contract in which the "rentals" are installment payments on the purchase price for the aggregate of which an immediate and present indebtedness or liability exceeding the constitutional limitation arises against the public entity, the contract is void. (*Chester* v. *Carmichael*, 187 Cal. 287 [201 Pac. 925]; *In re City and County of San Francisco*, 195 Cal. 426 [233 Pac. 965]; *Mahoney* v. *City and County of San Francisco*, 201 Cal. 248 [257 Pac. 49]; *Garrett* v. *Swanton*, 216 Cal. 220 [13 Pac. (2d) 725].)

The rule as applied to each of these situations is well stated in *Garrett* v. *Swanton, supra*, at page 226, as follows: "The law is well settled in this state that installment contracts of any kind, where the installment payments are to be made over a period of years and are to be paid out of the ordinary revenue and income of a city, *where each installment is not in payment of the consideration furnished that year*, and the total amount of said installments when coupled with the other expenditures exceeds the yearly income, are violative of the constitutional provision in question unless approved by a popular vote. This is so whether the contract be denominated a mortgage, lease, or conditional sale. . . . It is true that under the doctrine enunciated in *McBean* v. *City of Fresno*, 112 Cal. 159 [44 Pac. 358, 53 Am. St. Rep. 191, 31 L. R. A. 794] . . . contracts for the furnishing of property in the future have been upheld, but only where no liability or indebtedness came into existence until the consideration was actually furnished. In other words, such contracts are valid

where each year's installment is within the city's income, and where each year's payment is for the consideration actually furnished that year." (Italics added.)

We are satisfied that the proposed agreements involved in the proceeding now before us are within the rule as applied in the McBean and Krenwinkle cases and are therefore valid and do not violate the debt limitation provision of the Constitution. The transaction here challenged constitutes in reality a lease with reasonable terms and option to purchase. We find no evident present intention on the part of the city to purchase the incinerator. The rentals are for a definite amount, to be specified in the bid. The amount of the rentals and the minimum option prices are to be determined by competitive bidding, but in no event is the city to have the right to purchase the incinerator at less than its fair appraised value at the time it elects to purchase. Under such circumstances, the city is not required to exercise the option in order to protect its prior investment in the form of rental payments. The rental payments are intended to represent the fair rental value of the incinerator and the option purchase price is intended to represent the then fair value of the incinerator itself. The city after learning the appraised value may decline to purchase under the option and continue with the lease. If the city has not exercised the option to purchase during the term of the lease, provision has been made for the removal of the incinerator by the lessor. In view of the admitted fact that the amount of rentals that the city may be required to pay in any single fiscal year, together with its other debts and liabilities will not exceed its income and revenue for such year, it cannot be said that the proposed agreements violate the debt limitation provision of the Constitution.

Let a peremptory writ of mandate issue as prayed for.

Shenk, J., Curtis, J., Carter, J., and Traynor, J., concurred.