*203
 
 STONE, J.
 
 *
 

 This is an appeal from a judgment granting a writ of mandate ordering the City Clerk of the City of Montclair, a municipal corporation, to publish an ordinance for the establishment of a county free library in the City of Montclair, and to publish a notice inviting bids for the construction of the library building. The facts are not disputed, and the case comes to us on a question of law.
 

 The County of San Bernardino is providing the City of Montclair with free county library service. The quarters presently used are inadequate and the city, by Ordinance No. 132, proposes to construct a library building on a parcel of its real property and lease it to the County of San Bernardino for a term of 20 years. The rental payments over the 20-year term are to be used to pay the cost of the new building. Since most contractors operate on a cash basis, the city, to encourage bidders, has arranged for “a standby financial agreement” with Schwabacker & Co., a financial organization not a party to this action. Schwabacker has agreed to pay the successful contractor the contract price in a lump sum in consideration for an assignment of all rentals to become due under the lease and construction agreement.
 

 The ordinance establishes a special fund to receive the rental payments as they fall due, and provides that deferred construction payments must be paid from this special fund. Thus no tax revenue or money from the general fund is to be used to pay the construction cost. The lease and construction agreement, however, require the city, as lessor, to pay all maintenance and operation expenses of the building during the life of the lease, including insurance and landscaping costs. These expenses are to be paid from the general fund.
 

 The city clerk, defendant and respondent herein, refused to publish the ordinance and the notice inviting bids for the construction of the building. Plaintiffs-respondents City of Montclair and County of San Bernardino brought this action in mandamus to compel the clerk to have them published. Appellants intervened on behalf of the city clerk. The petition was granted; the clerk was ordered to publish the ordinance and the notice inviting bids; and interveners appealed.
 

 Appellants contend that the proposed lease and construction agreement violates the provisions of article XI, section 18, of the California Constitution, the pertinent part of which reads as follows:
 

 
 *204
 
 “No county, city, town, township, board of education, or school district, shall incur any indebtedness or liability in any manner or for any purpose exceeding in any year the income and revenue provided for such year, without the assent of two-thirds of the qualified electors thereof, voting at an election to be held for that purpose, nor unless before or at the time of incurring such indebtedness provision shall be made for the collection of an annual tax sufficient to pay the interest on such indebtedness as it falls due, and also provision to constitute a sinking fund for the payment of the principal thereof,...”
 

 No election was held, but respondents contend that since the ordinance establishes a separate fund into which all rental payments must go, and since it limits construction payments, both principal and interest, to this fund, the case falls within the special fund doctrine. If so, the transaction does not violate the provisions of article XI, section 18, of the Constitution since California has long recognized the special fund doctrine. The courts have consistently held that revenue bonds or other obligations payable solely from a special fund do not violate section 18 of article XI, provided the governmental entity concerned is not liable to maintain the special fund out of the general fund or by tax levies should the special fund prove insufficient.
 
 (City of Oxnard
 
 v.
 
 Dale,
 
 45 Cal.2d 729, 733 [290 P.2d 859];
 
 City of Palm Springs
 
 v.
 
 Ringwald,
 
 52 Cal.2d 620, 624 [342 P.2d 898];
 
 City of Redondo Beach
 
 v.
 
 Taxpayers, Property Owners, etc., City of Redondo Beach,
 
 54 Cal.2d 126, 134 [5 Cal.Rptr. 10, 352 P.2d 170].)
 

 It would appear that the ordinance complies with the special fund doctrine by limiting payment of construction costs and interest thereon to rentals from the property. However, as appellants point out, the lease and construction agreement also require the city to maintain the building and to pay operational expenses which, of course, will be paid from the general fund of the city. According to appellants, such payments over the 20-year term of the lease violate the special fund doctrine. In support of their argument, they cite
 
 City of Palm Springs
 
 v.
 
 Ringwald, supra,
 
 a case wherein Palm Springs proposed to pay for parking lots by issuing revenue bonds and pledging parking meter revenue in payment of the principal and interest. However, the city additionally pledged sales and use tax revenue for payment of the bonds. The court held, at page 626, that since sales and use tax revenue goes into the.general fund, “sales and use taxes
 
 *205
 
 may not be diverted from petitioner’s general funds for the purpose proposed for a period beyond the year in which received unless there has been compliance with' section 18 of article XI of the Constitution.”
 

 Appellants concede that the agreement to pay construction costs from a trust fund derived solely from rentals to be paid under the terms of the lease, and the standby finance agreement, meet the requirements of the special fund doctrine. The thrust of their argument is that the construction payment arrangement cannot be considered alone but, rather, that the transaction must be considered as a whole. Specifically, appellants insist that the building construction provisions must be construed together with, and as a part of, the provision which requires maintenance and operating costs to be paid from the general fund. By this reasoning appellants would bring the entire transaction within the purview of article XI, section 18, of the Constitution.
 

 If the terms of the lease and construction agreement are so inextricably interwoven that we cannot consider the provisions for payment of construction costs separate and apart from the operation and maintenance provisions of the lease, then appellants’ contention is correct. However, we can see no reason either in law or logic that compels us to adopt appellants’ interpretation of the lease and hold that the provisions relating to capital outlay and those relating to maintenance are interdependent. Construction costs are generally managed by long-term capital outlay,- while maintenance costs are ordinary, recurring expenses of government. Simply because both obligations assumed by the city arise from the same transaction and because they are embodied in the same document, does not make them inseparable. We conclude that the agreement to maintain and operate the library from the general fund of the city does not constitute a feeding of the special fund established to pay the construction costs.
 

 Even though we find no violation of the special fund doctrine by our view that the construction provisions of the agreement are separable from the maintenance provisions, we still have the question of whether the obligation to pay operating costs, including insurance and landscaping, during the life of the lease violates article XI, section 18. This question arises because such continuing costs cannot be paid from the tax revenue of any single year. Directly in point is
 
 City of Los Angeles
 
 v.
 
 Offner,
 
 19 Cal.2d 483 [122 P.2d 14, 145 A.L.R,.
 
 *206
 
 1358], wherein the Board of Public Works of the City of Los Angeles proposed a 10-year lease to provide for rubbish disposal. The city was to furnish property to be leased by bid to a lessee, who was required to construct an incinerator on the property and, in turn, lease it back to the city at a monthly rental to be specified in the bid. Objection was made that the lease violated article XI, section 18, of the Constitution. Chief Justice Gibson, speaking for the Court, said, at pages 485-486:
 

 “It has been held generally in the numerous cases that have come before this court involving leases and agreements containing options to purchase that if the lease or other agreement is entered into in good faith and creates no immediate indebtedness for the aggregate installments therein provided for but, on the contrary, confines liability to each installment as it falls due and each year’s payment is for the consideration actually furnished that year, no violence is done to the constitutional provision. ’'
 

 In the case at bar, the city is simply agreeing to perform an ordinary administrative duty pursuant to its obligation to maintain public buildings and other public facilities. The fact that the agreement to pay maintenance costs relates to a leased building is immaterial. The critical fact is that the city is assuming an obligation which accrues from month to month. This kind of agreement does not constitute a present obligation for the total sum which will accrue eventually. In light of the
 
 Offner
 
 case, the maintenance agreement is not a violation of article XI, section 18, of the Constitution.
 

 Finally, appellants argue that the county-city lease constitutes a gift or a loan of county credit contrary to California Constitution article IV, section 31, and article XII, section 13, and to Government Code section 23007. The criterion for determining whether the use to which public money or credit is put constitutes a gift is set forth in
 
 County of Alameda
 
 v.
 
 Janssen,
 
 16 Cal.2d 276 [106 P.2d 11, 130 A.L.R. 1141], The court said, at page 281:
 

 “It is well settled that, in determining whether an appropriation of public funds or property is to be considered a gift, the primary question is whether the funds are to be used for a ‘public’ or a ‘private’ purpose. If they are for a ‘public purpose,’ they are not a gift within the meaning of section 31 of article IV.”
 

 Appellants argue that the County’s credit makes possible a violation of article XI, section 18, by the establish
 
 *207
 
 ment of a spurious special fund. This, they argue, constitutes a misuse of the County’s credit. We have heretofore concluded that the special fund established by the proposed lease does not violate article XI, section 18, of the Constitution. Therefore appellants’ argument must fall, since the lease relates to a free county library, a public purpose within the purview of
 
 County of Alameda
 
 v.
 
 Janssen, supra.
 

 The judgment is affirmed.
 

 Shepard, Acting P. J., and Coughlin, J., concurred.
 

 A petition for a rehearing was denied July 16, 1962, and appellants’ petition for a hearing by the Supreme Court was denied August 22, 1962.
 

 *
 

 Assigned by Chairman q£ Judicial Council,