[Civ. No. 7196. Fourth Dist. May 13, 1963.]

CITY OF LA HABRA et al., Plaintiffs and Appellants, v. JOHN M. PELLERIN, JR., as Mayor, etc., Defendant and Respondent.

Harold A. McCabe, Keil & Connolly, William L. Guilfoyle and Dix Boring for Plaintiffs and Appellants.

Lawton, Christensen & Rouse and Robert P. Lawton for Defendant and Respondent.

BROWN (G.), J.—Appellants, City of La Habra, a municipal corporation and La Habra Civic Center Authority, a nonprofit corporation, petitioned in the superior court for a writ of mandate requiring the respondent as Mayor of the City of La Habra, to sign a lease in behalf of the city with the petitioner, La Habra Civic Center Authority.

The matter is before us on a stipulated set of facts. In substance, the city proposes to lease police and fire station buildings from the Authority for a period of 20 years at an agreed reasonable rental, at the end of which time the title to the entire property passes to the city. All steps short of the mayor's signature have been secured to formalize the lease.

The La Habra Civic Center Authority was formed in 1961 for the sole purpose of handling this transaction. None of its officers or directors are a part of the officialdom of the city. The Authority will dissolve at the end of the 20-year period when the city becomes the absolute owner of the property. A portion of the lands upon which the buildings are to be erected is to be transferred by the city to the Authority for the sum of $112,000. The remaining property for the buildings is to be leased by the city to the Authority for $375 per month. The lease provides that the city shall pay the Authority a monthly

rental of $6,248.33 for the premises and improvements to be erected thereon. It is agreed that all of the figures named above are fair and reasonable.

To finance the facilities the Authority proposes to issue $798,000 in bonds and pay off the indebtedness on the bonds from the lease rentals obtained from the city, payable through a bank. The Authority does not intend to handle any other business and will receive no profits.

It is further agreed that the ordinary revenue and income of the city for each year during the term of the lease will exceed the annual liability of the city, including all the city's liability under the lease; also there will be sufficient money each year during the term of the lease from the ordinary income and revenue of the city to pay all the expenses to operate the city and to pay the amounts dues under the lease.

The City of La Habra has grown greatly in recent years, and all parties have agreed that the police and fire facilities proposed to be erected are badly needed, they are well planned, they will be beneficial to the city and nothing unfair or improper is involved in the transaction.

The parties have centered the issues upon two provisions of the California Constitution, respondent contending the plan violates article IV, section 31 and article XI, section 18.

The pertinent parts of article IV, section 31 in substance provide that the Legislature has no power to authorize the giving or lending of the credit of a city in aid of or to any corporation whether principal or otherwise, or to pledge the credit thereof for the payment of liabilities of any corporation.

Respondent's position is not meritorious. The city is not lending its credit to the Authority. If the credit standing of the Authority is enhanced by reason of its contract with the city, this is a mere incident of a business relationship from which it cannot be concluded that the city is lending its credit. To illustrate the situation more vividly a private corporation may contract with the government and use that contract to secure favorable loan arrangements from its bank. It cannot be said, however, that the government has loaned its credit even though the financial stability of the government is helpful to the corporation in obtaining the loan.

Next, respondent contends the lease violates article XI, section 18, the pertinent features of which read: "No . . . city, . . . shall incur any indebtedness or liability in any manner or

for any purpose exceeding in any one year the income and revenue provided for such year, without the consent of two-thirds of the qualified electors. . . .''

The stipulated facts and the lease agreement answer this argument. There is no provision in the proposed lease between the city and the Authority by which the entire sums due over a period of 20 years may become due and payable at one time. The lease does not create an immediate indebtedness for the aggregate amount of the installment rent due, but on the contrary creates a liability month by month for the consideration furnished by the lease in said months and the total of each year's payment is for the consideration actually promised that year, all of which is within the financial ability of the city to pay; hence the lease does not violate section 18 of article XI of the California Constitution. (*County of Los Angeles* v. *Byram*, 36 Cal.2d 694 [227 P.2d 4]; *City of Los Angeles* v. *Offner*, 19 Cal.2d 483, 485-486 [122 P.2d 14, 145 A.L.R. 1358].)

In addition to the above consideration, the city has a duty of providing police and fire protection. Government Code, sections 38611, 36501 and 38630 et seq. ██ An obligation imposed by law on a city is not an indebtedness or liability within the meaning of article XI, section 18. (*County of Los Angeles* v. *Byram, supra,* 36 Cal.2d 694.)

The history of this type of transaction as herein drafted supports its legality. We have compared the proposed lease with the contracts considered in the cases of *County of Los Angeles* v. *Byram, supra,* 36 Cal.2d 694; *McClain* v. *County of Alameda,* 209 Cal.App.2d 73 [25 Cal.Rptr. 660]; *Dean* v. *Kuchel,* 35 Cal.2d 444 [218 P.2d 521]; *City of Los Angeles* v. *Offner, supra,* 19 Cal.2d 483; *California Toll Bridge Authority* v. *Kelly,* 218 Cal. 7 [21 P.2d 425]; *City of Oxnard* v. *Dale,* 45 Cal.2d 729 [290 P.2d 859]; *City of Glendale* v. *Chapman,* 108 Cal.App.2d 74 [238 P.2d 162]; and cases therein cited, and find that the standards required by the Supreme Court have been met.

The judgment denying the writ of mandate is reversed and the trial court is instructed to enter judgment directing the respondent as Mayor of the City of La Habra, to sign the lease agreement herein involved.

Griffin, P. J., and Coughlin, J., concurred.