**In re SOUTHERN HUMBOLDT COMMUNITY HEALTHCARE DISTRICT, Debtor.**

No. 99–10200.

United States Bankruptcy Court, N.D. California.

Oct. 9, 2000.

David J. Heaslett, Law Offices of David J. Heaslett, Graeagle, CA, for debtor.

### Memorandum of Decision re Plan Confirmation

ALAN JAROSLOVSKY, Bankruptcy Judge.

### I. Introduction

Debtor Southern Humboldt Community Healthcare District ("District") is a health care district created under § 32000 et seq. of the California Health and Safety Code to provide hospital services to the rural portions of southern Humboldt County. It filed its Chapter 9 petition January 20, 1999. Its plan of reorganization is now before the court.

The District's primary creditor is Six Rivers National Bank ("Bank"). The District owes the Bank about $665,000.00 on account of a 1998 loan evidenced by a note and secured by a deed of trust to District real property. The deed of trust is probably avoidable as a preference; for purposes of confirmation, the Bank is treated as unsecured.

The District asserts that the Bank has no claim at all because under state law the District was not permitted to incur indebtedness beyond its ability to repay within the fiscal year. Therefore, according to the District, the Bank has no claim and its ballot must not be counted. If the District

is correct, then it has sufficient votes to obtain confirmation of its plan.[1]

### II. Procedural Status

This matter was continued for two months due to health problems of the District's counsel. Unfortunately, this delay appears to have confused the District and muddied the procedural status of this case.

The matter now before the court is the confirmation of the District's plan. It is not an objection to claim, nor is it the trial of the District's adversary proceeding against the Bank. The court has considered all of the District's argument and evidence, even though the District mistakenly captioned them in the adversary proceeding and they have been filed there and not in the base case. However, the District's mistake is likely to cause confusion for anyone reviewing this matter in the future unless the District takes steps to undo its mistakes.

The District has not convinced the court that its plan ought to be forced on creditors without their consent. Moreover, its attempt to gerrymander an accepting class in order to meet the requirements of § 1129(a)(10) of the Bankruptcy Code violates the holding in *In re Tucson Self–Storage, Inc.*, 166 B.R. 892 (9th Cir. BAP 1994). Accordingly, the plan can only be confirmed if the District is correct in its legal position and the Bank has no allowable claim. Since the parties have fully addressed this issue, and since there are no material facts in dispute, the court considers the issue as part of plan confirmation. If the court finds that the Bank in all likelihood has no allowable claim, the plan will be confirmed. If the court finds the Bank has an allowable claim, then the District has insufficient votes for confirmation and the plan will not be confirmed.[2]

---

1. § 1129(a)(8) of the Bankruptcy Code, requiring the acceptance of each class of impaired claims, is made applicable to Chapter 9 cases by § 901(a).

2. The court has set a deadline for confirmation of a plan, which has passed. Accordingly, if the District's plan is not confirmed the case will be dismissed pursuant to the court's order filed April 17, 2000.

### III. Facts

In October of 1997 the District obtained a $50,000.00 unsecured line of credit from the Bank, where it maintained its checking and payroll accounts. By early 1998, the balance the District owed to the Bank on the credit line was $45,814.14. In addition, the District began to incur significant overdrafts in its checking account.

On March 23, 1998, the District's board of directors authorized the District to borrow $663,824.00 from the Bank for the purpose of paying off the line of credit and the overdrafts and keeping the District operating until it could collect special assessment. The loan was intended to be a short-term "bridge" loan until the District could obtain long term financing.

The loan was funded on April 7, 1998. Of the loan proceeds, $262,611.00 was used to pay off the overdrafts and $45,814.14 was used to pay off the line of credit. The balance, less $5,190.86 in related costs, was made available to the District without restriction. The District immediately used $133,000.00 to fund its retirement account.

Although both the District and the Bank agree that the loan was intended as a short-term loan, the note signed by the District stated a five-year term. It also provided for a deed of trust, which was executed but not recorded.

Between July and October, 1998, the Bank advanced considerable additional sums to the District to cover cash flow and payroll shortfalls. On October 26, 1998, upon learning that the District intended to file a Chapter 9 petition, the Bank recorded its deed of trust. The District filed its petition on January 20, 1999.

### IV. Legal Issue

The sole legal issue in this case is whether the Bank can have any enforceable claim for a debt incurred in a prior fiscal year.[3] The District's position is based on § 32130 of the California Health and Safety Code, which provides:

A district may borrow money and incur indebtedness in an amount not to exceed 85 percent of all estimated income and revenue for the current fiscal year, including, but not limited to, tax revenues, operating income, and any other miscellaneous income received by the district, from whatever source derived. The money borrowed and indebtedness incurred under this section shall be repaid within the same fiscal year.

Restrictions on the borrowing of public entities are common in California and other states. They may apply to counties, municipalities, quasi-municipal corporations, and special assessment districts. They may include a limitation on debt as a percentage of revenue, a restriction on the fiscal year from which loans may be repaid, or both. They are intended to prohibit the accumulation of public debt without the consent of the taxpayers, and require governmental agencies to carry on their operations on a cash basis. 56 Am. Jur.2d, Municipal Corporations, Counties, and Other Political Subdivisions, § 606. Such restrictions may be created by constitution or statute. Claims made on loans in excess of borrowing limitations are unenforceable. 64A C.J.S., Municipal Corporations, § 1599, citing, *inter alia, City of Los Angeles v. Offner* (1942) 19 Cal.2d 483, 486, 122 P.2d 14.

It appears to the court an inescapable conclusion that the Bank's claims against the District are completely unenforceable. This is not a conclusion the court enjoys reaching, as money from the Bank not only allowed the District to keep operating but also allowed its employees to fatten their retirement accounts. This situation ap-

---

**3.** The five-year term of the note is not a crucial fact, since most of the loan proceeds were used to pay the credit line and the overdrafts. The Bank can prevail only if its overdraft and credit line claims could be enforced after the end of the fiscal year. For confirmation purposes, it does not matter whether the Bank's claim is $663,824.00 (the amount of the note) or just $308,425.14 (the amount of the overdraft plus the credit line).

pears to fall squarely within the legal maxim that no good deed goes unpunished. Nonetheless, the law appears clear and must be followed.

## V. Conclusion

The validity of the Bank's claim is not properly before the court. Even if it were, the court might well abstain from adjudicating it, as such important issues of state law are probably best left to the state courts. However, for plan confirmation purposes the court may estimate the claim. *In re Corey*, 892 F.2d 829, 834 (9th Cir. 1989). Based on the clear mandate of § 32130 of the California Health and Safety Code, the claim must be estimated at zero.

Since the District has met all of the requirements of § 1129 of the Bankruptcy Code which are applicable to Chapter 9 cases, its plan must be confirmed. Counsel for the District shall submit an appropriate form of order forthwith.